PROVIDED TO HAMILTON CI
DEC 21 2012
FOR MAILING

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
Panama City DIVISION

Amended Complaint
## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

ASOKA PERERA,
Inmate # H36629.
(Enter full name of Plaintiff)

THIRD AMENDED COMPLAINT

vs.

CASE NO: 5:12cv18-MP/EMT
(To be assigned by Clerk)

MARCUS A. GRANTHAM,
WALTER ROBINSON,
FRANKLIN C. HAGEN and,
RANDALL B. SEGERS sued
in their individual and official Capacities,
(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)
Defendants.

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

## I.  PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Asoka Perera
Inmate Number: H36629
Prison or Jail: Hamilton Correctional Inst., Annex
Mailing address: 11419 S.W. County Road 249
Jasper, FL 32052-3735

## II.  DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: Marcus A. Grantham
    Official position: Corrections Officer
    Employed at: Calhoun Corr. Inst. Main Unit
    Mailing address: 19562 SE Institution Dr.
    Blountstown, Florida 32424

(2) Defendant's name: Walter Robinson
    Official position: Sergeant
    Employed at: Calhoun Corr. Inst. Main Unit
    Mailing address: 19562 SE Institution Dr.
    Blountstown, Florida 32424

(3) Defendant's name: Franklin C. Hagen
    Official position: Corrections Officer
    Employed at: Calhoun Corr. Inst. Main Unit
    Mailing address: 19562 SE Institution Dr.
    Blountstown, Florida 32424

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

(4) Randall B. Segers
Captain
Calhoun Corr. Inst. Main Unit
19562 SE Institution Dr.
Blountstown, Florida 32424

2.a.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

### IV. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
   Yes( )   No(✓)

   1. Parties to previous action:
      (a) Plaintiff(s): N/A
      (b) Defendant(s): N/A
   2. Name of judge: N/A   Case #: N/A
   3. County and judicial circuit: N/A
   4. Approximate filing date: N/A
   5. If not still pending, date of dismissal: N/A
   6. Reason for dismissal: N/A
   7. Facts and claims of case: N/A

   **(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

   Yes( )   No(✓)

   1. Parties to previous action:
      a. Plaintiff(s): N/A
      b. Defendant(s): N/A
   2. District and judicial division: N/A
   3. Name of judge: N/A   Case #: N/A
   4. Approximate filing date: N/A
   5. If not still pending, date of dismissal: N/A
   6. Reason for dismissal: N/A

3

7. Facts and claims of case: __N/A__

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )   No(✓)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): __N/A__
   b. Defendant(s): __N/A__
2. District and judicial division: __N/A__
3. Name of judge: __N/A__   Case #: __N/A__
4. Approximate filing date: __N/A__
5. If not still pending, date of dismissal: __N/A__
6. Reason for dismissal: __N/A__
7. Facts and claims of case: __N/A__

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )   No(✓)

1. Parties to previous action:
   a. Plaintiff(s): __N/A__
   b. Defendant(s): __N/A__
2. District and judicial division: __N/A__
3. Name of judge: __N/A__   Case Docket # __N/A__
4. Approximate filing date: __N/A__   Dismissal date: __N/A__
5. Reason for dismissal: __N/A__

4

6. Facts and claims of case: _____N/A_____

(Attach additional pages as necessary to list cases.)

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

1. On or about January 11, 2011, Plaintiff arrived at Calhoun Correctional Institution, Main Unit (CCI). After Plaintiff picked up his laundry, he was assigned to a bunk in J1 dormitory; which is an open-bay dormitory.

2. On or about January 13, 2011, Plaintiff went to the bathroom at about 2:00 a.m. He was wearing his authorized blue Department of Corrections (DOC) uniform.

3. As Plaintiff was leaving the bathroom, Defendant Grantham approached Plaintiff from behind near the bathroom entrance. Defendant Grantham asked Plaintiff, "What in the fuck are you doing with your blues on?" Plaintiff responded by telling him that he was cold. Defendant Grantham then ordered Plaintiff, "Get your ass to the laundry room!" The laundry room is an isolated room adjacent to the bathroom.

4. When Plaintiff entered the laundry room, Defendant Grantham called for Defendant Robinson to accompany him in the laundry room. Defendant Grantham then ordered Plaintiff to look forward and put his hands up against the wall.

5

5. Defendant Grantham then placed a pillowcase over Plaintiff's head and grabbed it tight. Defendant Grantham moved behind Plaintiff, kicked Plaintiff's legs apart, held the pillowcase in one hand, and pulled Plaintiff's pants and boxers down with his other hand.

6. Defendant Grantham then penetrated Plaintiff's anus with his penis. Plaintiff experienced the most extreme pain that he had ever felt, and he was terrified and humiliated.

7. While the Defendant Grantham was sexually assaulting Plaintiff, Defendant Robinson grabbed Plaintiff's right hand, placed it on his penis, and demanded that Plaintiff "pull on it and make my dick hard you Arab motherfucker!"

8. Plaintiff screamed, "Please! In God's name, don't do this to me!"

9. As Plaintiff screamed, he heard the laundry room door open and he heard Defendant Segers enter.

10. Defendant Grantham then ejaculated inside Plaintiff's anus. Defendant Robinson quickly followed behind Defendant Grantham and penetrated Plaintiff's anus with his penis, and ejaculated inside Plaintiff's anus. This caused Plaintiff extreme pain, terror and humiliation.

11. Defendant Segers quickly followed behind Defendant Robinson and penetrated Plaintiff's anus with his penis. Defendant Segers made some indiscernible statement just before he penetrated Plaintiff. This cause Plaintiff extreme pain, terror and humiliation. At that point. Plaintiff collapsed to the floor.

12. When Plaintiff fell to the floor, Defendants Grantham and Robinson began to kick Plaintiff repeatedly in the right leg, on his thigh, and in his back. While Defendants kicked him, Plaintiff blacked out. When he awoke, the pillowcase was off his head but Defendants Grantham and Robinson continued to kick him. Defendants Grantham and Robinson ordered Plaintiff, Get the fuck up, Arab motherfucker! Stand Up!" Then Defendants Grantham and Robinson spit in Plaintiff's face. This caused Plaintiff extreme pain, terror, and humiliation.

13. While Defendants Grantham and Robinson were kicking Plaintiff, Defendant Segers left the laundry.

14. After Defendant's Grantham and Robinson stopped kicking Plaintiff, he crawled to the door and pulled himself upright and noticed blood running down his legs, and he realized his anus was bleeding. Plaintiff then pulled his boxers and pants up.

15. Defendants Grantham and Robinson then threatened Plaintiff. They told him to keep his mouth shut and not to talk to anyone about what happened. They told him that they would be watching him all the time.

16. Plaintiff proceeded to the bathroom to clean himself off. Then he limped back to his bunk area, and changed his boxers. Plaintiff placed the stained boxers into a brown paper bag and put them inside the back of his footlocker. Plaintiff was crying and experiencing unbearable, extreme pains in his anus and right leg, terror and humiliation. Plaintiff could not comprehend why he was sexually assaulted and kicked.

17. After the inmates exited the dormitory for breakfast, Defendant Robinson approached Plaintiff at his bunk and ordered him, "Get your ass up!" Defendant Robinson then recovered the soiled boxers out of Plaintiff's footlocker and said, "We told you not to try and put us in trouble!" Plaintiff was terrified and afraid for his very life.

18. On or about January 15, 2011, Plaintiff called his wife and told her about being sexually assaulted and kicked.

19. On or about January 18, 2011, Plaintiff's wife called CCI and talked to a Captain. She inquired about additional clothing that Plaintiff did not receive at intake. She did not inform the Captain about the sexual assault and kicking at the time because she was afraid that Defendant's Grantham and Robinson would retaliate against Plaintiff.

20. On or about January 20, 2011, Plaintiff was order to report to the laundry department office and See Defendant Hagen. When Plaintiff arrived, Defendant Hagen stated to Plaintiff that he did not like the Captain "up his ass." Defendant Hagen then ordered Plaintiff to tell his wife to "stop fucking calling the Captain about your clothes!" He continued to rant, "This is not Wal-Mart where you cane get clothes as you wish. You motherfucker, you look like a piece of shit!"

21. Defendant Hagen also told Plaintiff to tell his wife not to worry about him, that she should start looking for a new husband, and to teach Plaintiff's children to call someone else Daddy.

22. Defendant Hagen then pulled out his handcuff and said. "I am going to lock you up for a long time." When Plaintiff asked him what he did wrong to get locked up, Defendant Hagen hit Plaintiff on the penis with the handcuffs. Then he told Plaintiff to "get the fuck out of his laundry." This caused Plaintiff, extreme pain, terror, and humiliation.

7

23. An unknown corrections officer (CO) walked into the laundry department's office at this point, and he asked Defendant Hagen "Is this cocksucker giving you a hard time? If he is, lock the motherfucker up."
24. Defendant Hagen then ordered Plaintiff to leave. Plaintiff returned to his dormitory and examined his penis. Plaintiff saw his penis bleeding, and that it would bleed from its head when he urinated.
25. On or about January 22, 2011 Plaintiff called his wife and told her that his right leg was not functioning properly, that is stayed in a pointing out position.
26. On or about January 24, 2011, Plaintiff reported to sick call. He complained to the nurse about swelling in his groin and leg area. The nurse gave him Ibuprofen, and she told Plaintiff that he would be seeing a doctor. He did not tell the nurse about any assaults. He was afraid that if he told, Defendants Grantham, Robinson, and Hagen would retaliate against hi,.
27. In the waiting area, Plaintiff told CO Linda Bennett about the handcuff assault and kicking. CO Bennett called Captain Roberts on the telephone and told him about the handcuff assault.
28. After Plaintiff told Captain Roberts about the handcuff assault, he advised Plaintiff that he was going to place him in administrative confinement (AC) pending an investigation. After Plaintiff saw the doctor for a pre-confinement examination, the doctor told Plaintiff that nothing could be done to treat his penis.
29. On or about January 25, 2011, Plaintiff decaled a medical emergency. Plaintiff complained to Nurse Matthews looked at Plaintiff's penis and then the nurse stated to joke about the situation making fun of Plaintiff.
30. On or about January 26, 2011, while Plaintiff was in AC, and unknown black male CO told Plaintiff that if he continued to talk to anyone about what happened, he would be killed.
31. On or about January 27, 2011, the doctor examined Plaintiff. The doctor told him that he was going to be transported to DOC's Reception Medical Center (RMC) for an assessment.
32. While Plaintiff was in AC, at about the time he learned he would be going to RMC, an unknown white male CO and an unknown black male CO harassed and threatened him.

33. On or about January 28, 2011 at approximately 2:35 p.m., an unknown white male, CO removed Plaintiff from his cell, shackled him, and escorted him to Inspector Harrison. Before leaving the confinement area, the CO threatened Plaintiff and told him not to say anything.
34. During the interview, Plaintiff gave Inspector Harrison a taped statement about Defendant Hagen's assault with the handcuffs. The inspector shoed Plaintiff two photographs. Plaintiff identified Defendant Hagen in one of the photographs as the person who assaulted him with the handcuffs.
35. Inspector Harrison escorted Plaintiff to the medical building to see the doctor. The doctor said he did not have the knowledge to treat Plaintiff's wounds. The doctor informed Inspector Harrison that pictures were not taken before Plaintiff went to AC, during his pre-confinement examination, because a camera could not be found.
36. When inspector Harrison escorted Plaintiff back to his office, pictures were taken. Plaintiff did not tell the inspector about the sexual assault and kicking because he had been threatened in AC by unknown officers prior to seeing the inspector.
37. Inspector Harrison told Plaintiff that he would remain in AC until he was transferred.
38. On or about January 31, 2011, Plaintiff was release for AC and assigned to a bunk in J2 dormitory. Captain Robert's ordered Plaintiff's release from AC.
39. When Plaintiff reported to the laundry department for his clothes, Defendant Hagen approached him and said, "You better watch your back."
40. On or about February 2, 2011, Plaintiff's wife contacted the Secretary of the DOC. She spoke to Inspector Sheen.
41. On or about February 17, 2011, Plaintiff was transferred to RMC's Emergency Room (ER). At that time, Plaintiff explained to the intake nurse about the sexual assault and kicking, and about the handcuff assault. Dr. Hohay examined Plaintiff's injured penis, but stated that he saw nothing wrong. Dr. Hohay did not examine Plaintiff concerning the injuries he sustained when he was sexually assaulted and kicked.
42. On or about February 20, 2011, Plaintiff was ordered to report to RMC's ER. He again explained in detail about the sexual assault, how he was repeatedly kicked, and about how he was hit with the handcuffs. Plaintiff was issued a jock strap and cream for his penis injury, but he was not examined for the sexual assault and kicking.

43. On or about March 7, 2011, Plaintiff spoke with two inspectors from RMC after his wife called again. The inspectors told Plaintiff that they would pass the information onto Inspectors Harrison and Green.
44. On or about March 9, 2011, Plaintiff reported to the ER for an administrative assessment.
45. Mr. Folsom, an Internal Inspector General, contacted Plaintiff's wife by e-mail, and he indicated that there was medical evidence of an assault.
46. On or about April 15, 2011, Plaintiff identified Defendant Grantham as one of the officers who sexually assaulted him and kicked him repeatedly. Plaintiff was unable to identify Defendant Robinson from a photo because there were too many photos to review.
47. Plaintiff's anus bled for approximately 12 weeks following the multi-perpetrator sexual assault. Plaintiff now has permanent nerve damage to his right leg due to Defendants Grantham and Robinson repeatedly kicking him. Moreover, Plaintiff is now confined to a wheelchair, and he must wear a brace from the injuries he received from being kicked by Defendants. Plaintiff's penis bled for approximately 10 weeks following the handcuff assault.
48. Defendants Grantham, Robinson, Hagen, and Segers caused Plaintiff to suffer intense and pervasive emotional and mental distress. He now presently suffers from a sustained post-traumatic stress disorder, with accompanying symptomatology, including depression, anxiety, fear, and disturbed sleep.
49. Defendants Grantham, Robinson, Hagen, and Segers lacked penological and/or security justification to treat Plaintiff in the manner as described above.
50. Defendants Grantham, Robinson, Hagen, and Segers acted wantonly, maliciously, sadistically, and willfully under the color of law.

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

The actions of Defendants Grantham, Robinson, and Segers in sexually assaulting Plaintiff, and the actions of Defendants Grantham and Robinson in kicking Plaintiff, and the actions of Defendant Hagen in hitting Plaintiff, without any legitimate need or provocation, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

A. Declare that the acts described herein violated Plaintiff's Constitutional rights;
B. Order Defendant's to pay $1,500,000 in compensatory damages individually;
C. Order Defendant's to pay $5,000,000 in punitive damages individually;
D. Order Defendant's to pay reasonable attorney fees and costs; and
E. Grant other just and equitable relief that this Court deems necessary.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

12-21-12
(Date)

_____
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 21st day of December, 20 12.

_____
(Signature of Plaintiff)

Revised 03/07

11.

## CERTIFICATE OF SERVICE

**I HERBY CERTIFY** that I placed the original and an identical copy of this motion in the hands of a prison official for mailing to be furnished and forwarded by prepaid First Class U.S. Mail delivery to the following: Clerk of Court, United States District Court, 30 W. Government Street, Panama City, Florida 32401; and to Susan Maher, Esq., Assistant Attorney General, Office of the Attorney General, The Capitol PL–01, Tallahassee, Florida 32399–1050; on this 21st day of December, 2012.

_____

Asoka Perera H36629
Hamilton Correctional Inst.-Annex
11419 County Road 249
Jasper, Florida 32052-



MAILED FROM
A STATE
CORRECTIONAL INSTITUTION

Asoka Perera H Bldg 29
Hamilton CI Annex
10650 S.W. 46th St.
Jasper, FL 32052

Clerk of Court
United States District Court
30 W. Government St.
Panama City, FL 32401