**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

ASOKA PERERA,

       Plaintiff,

v.                                        CASE NO. 5:12-cv-00018-MP-EMT

FRANKLIN C HAGEN, et al.,

       Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 58, Report and Recommendation of the

Magistrate Judge, recommending that Doc. 44, defendants' motion to dismiss, be denied.  The

defendants filed an objection, Doc. 59, to which plaintiff responded at Doc. 64.  For the reasons

which follow, the matter is recommitted to the Magistrate Judge under 28 U.S.C. § 636(b)(1) for

an evidentiary hearing on the defendants' motion to dismiss.

The plaintiff filed suit alleging that he had been raped and battered by various prison

guards.  The defendants moved to dismiss arguing that plaintiff failed to complain to prison

officials and thus failed to exhaust administrative remedies.  The plaintiff responded, and the

Magistrate Judge agreed, that these administrative remedies were unavailable to him because

threats by the defendants reasonably deterred him from filing such grievances.

The Court agrees with the Magistrate Judge that the fact that plaintiff did not follow the

grievance procedure in this case does not by itself mandate dismissal of this action. The Eleventh

Circuit has held that "a prison official's serious threats of substantial retaliation against an

inmate for lodging in good faith a grievance make the administrative remedy 'unavailable,'" and

in such cases "the exhaustion requirement as to the affected parts of the [grievance] process"

may be lifted. *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008).  A remedy is deemed

"unavailable" when "(1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust." *Id*. (citing *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004); *Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008)); *see also Tilus v. Kelly*, No. 12-12216, 2013 WL 692703 (11th Cir. Feb. 26, 2013) (citing *Turner*).

Here, Plaintiff asserts that he was intimidated by Defendants and other correctional officers who threatened him, and he provides numerous examples of specific instances where he was threatened (Doc. 57, exh. 1 at 1–4). For instance, Plaintiff alleges that Grantham and Robinson told Plaintiff immediately after the assault to keep his mouth shut and that they would be watching him (Doc. 42 at 8, ¶ 15; Doc. 57, exh. 1 at 1–2). He asserts that Robinson came to his dormitory and warned him not to get the officers in trouble (Doc. 42 at 8, ¶ 17). Plaintiff states that when he saw the nurse on January 24, 2011, he did not tell her about the assaults out of fear of retaliation from Grantham, Robinson and Hagen (*id.* at 9, ¶ 26; Doc. 57, exh. 1 at 2). He also states that on or about January 26, 2011, an unknown correctional officer threatened that Plaintiff would be killed if he continued to talk about what had happened (Doc. 42 at 9, ¶ 30; Doc. 57, exh. 1 at 3). He alleges he was threatened again on or about January 28, 2011, and before he met with Inspector Harrison (Doc. 42 at 10, ¶ 33; Doc. 57, exh. 1 at 3). Plaintiff states he did not tell Inspector Harrison about the sexual assault when the two men met because of the threat he received immediately prior to this meeting by the correctional officer who escorted him to the meeting (Doc. 42 at 10, ¶ 36).

After the meeting, Plaintiff was returned to AC where officers told Plaintiff that they hoped he had not talked to the inspector (Doc. 57, exh. 1 at 3). Three days later, Plaintiff was

released from AC and returned to the same dormitory where he had been raped and beaten (*id*.).

He was also required to return to the laundry room, the actual scene of the assault, where

Defendant Hagen told Plaintiff that he had "better watch [his] back" (Doc. 57, exh. 1 at 4).

Plaintiff states that between February 3, 2011 and February 15, 2011, he was repeatedly

threatened by the officers who had raped him in January 2011 (*id.*). It was only on February 17

and again on February 20, 2011, after his transfer to the RMC, that Plaintiff finally informed

medical personnel about the sexual assault, although he contends he received no examination or

treatment (Doc. 42 at 10, ¶ 41, 42).

Defendants' position is, first, to deny that any rape, battery, or threats were made, and

also to maintain that to the extent Plaintiff might assert that he was intimidated by his attackers

and had no available remedy, such an assertion is not credible. They note that Plaintiff was in

contact with individuals at more than one institution who might have provided Plaintiff with a

grievance form or turned in a completed grievance form for him (*see* Doc. 42 at 8–11).

Defendants further note that Plaintiff also had Fla. Admin. Code r. 33-103.007(6) and r. 33-

103.006(8)(e) at his disposal. The former rule provides that certain grievances may be filed

directly with the Secretary, and the latter provides that an inmate who elects to submit his

grievance directly to the Central Office may do so by placing the grievance in a sealed envelope

to be placed in the institutional bulk mail.

The Eleventh Circuit has held that a defense of failure to properly exhaust available

administrative remedies under the PLRA should be treated as a matter in abatement. *Bryant v.*

*Rich*, 530 F.3d 1368, 1374 (11th Cir.2008). This means that procedurally the defense is treated

"like a defense for lack of jurisdiction," although it is not a jurisdictional matter. Id. As a result,

deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process.

Turner v. Burnside, 541 F.3d 1077 (11th Cir. 200).

First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. See *Bryant*, 530 F.3d at 1373-74 (concluding that there was a genuine issue of material fact about the availability of administrative remedies before addressing the propriety of the district court acting as a factfinder to resolve the issue). This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The Court agrees with the Magistrate Judge that, if all factual disputes were resolved in plaintiff's favor, dismissal would not be appropriate in this case. Thus, we must turn to the second step.

In the second step, the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. *Bryant*, 530 F.3d at 1373-74, 1376. The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. See *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.") Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies. *Turner*, 541 F.3d at 1083.

These factual findings are for the Court to decide, and not a jury and the judge may specifically go beyond the pleadings. As the *Bryant* panel stated:

> Where exhaustion -- like jurisdiction, venue, and service of process -- is treated as
> a matter in abatement and not an adjudication on the merits, it is proper for a
> judge to consider facts outside of the pleadings and to resolve factual disputes so

long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record. Requiring jury trials to resolve factual disputes over the preliminary issue of exhaustion would be a novel innovation for a matter in abatement and would unnecessarily undermine Congress's intent in enacting the PLRA's exhaustion requirement: that is, to "reduce the quantity and improve the quality of prisoner suits."

*Bryant*, 530 F.3d at 1376-77.

The Court also agrees that an evidentiary hearing is not required in all cases where lack of exhaustion is raised but appears to be favored by the Eleventh Circuit. In footnote 16 in *Bryant*, the Eleventh Circuit contemplated evidentiary hearings and appeared to favor them in most cases while at the same time holding that one was not necessary in that case. The panel stated, "At least in the absence of a timely request for an evidentiary hearing and where the resulting order is to be a dismissal without prejudice, a district court may resolve material questions of fact on submitted papers for the PLRA's exhaustion of remedies requirement." Here, defendants did not request an evidentiary hearing until after the unfavorable Report and Recommendation, but the Court finds that this does not render their request untimely. Also, the Court favors the deciding of cases on their merits rather than on technicalities and notes that the burden of proof is on the defendants to show that plaintiff has failed to exhaust administrative remedies. Thus, the Court agrees with the defendants that the Magistrate Judge should follow the procedures in *Sapp v. Collins*, 4-12-cv-00137-SPM-CAS and *McGee v. Tifft*, 5:11-cv-00080-RS-GRJ and conduct an evidentiary hearing on defendants motion to dismiss for failure to exhaust administrative remedies. The Report and Recommendation is thus rejected and this

matter committed back to the Magistrate Judge to conduct an evidentiary hearing and submit a

second Report and Recommendation on defendants' motion to dismiss.

      **DONE AND ORDERED** this _29th_ day of July, 2013

                *s/Maurice M. Paul*
             Maurice M. Paul, Senior District Judge